MERCANTILE INVESTMENT CORPORATION, Plaintiff and Appellant, *v.* FINANCIAL CREDIT CORPORATION, Defendant and Appellee.

No. R-66-148.     Decided May 3, 1967.

*Baragaño, Trías, Saldaña, Harris & Francis* and *José A. Cestero* for appellant. Appellee did not appear.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Mercantile Investment Corporation filed before the Superior Court, San Juan Part, an action against Financial Credit Corporation, to recover damages caused by an alleged illegal attachment of several motor vehicles belonging to plaintiff.

After the complaint was answered the case was set for trial on nine occasions, it having been continued in eight of them, sometimes at the request of plaintiff, on other occasions at the request of both parties, and also at the request of the defendant.

The case was first set for March 2, 1962. It was continued at plaintiff's request because Mr. Richard H. Francis, key witness and stockholder of plaintiff corporation, was absent from Puerto Rico studying at Harvard University.

The hearing was postponed for June 18, 1962 and for the same reason it was continued at plaintiff's request.

The hearing was again set, for the third time, for September 5, 1962 and it is again continued at plaintiff's request on the ground that on that date Mr. Francis would be intervening in the negotiation of a collective bargaining agreement between the Esso Standard Oil Co. and a labor union.

The case was set for February 19, 1963. On this occasion it is continued at defendant's request on the ground that its counsel, Juan Enrique Géigel, was absent from Puerto Rico. It is postponed for May 21, 1963 and was also continued at defendant's request and for the same reason that its counsel was away from Puerto Rico.

It was set for April 1, 1964 and was continued at plaintiff's request because on that date its counsel would be busy at the hearing of Civil case No. 183-62, before the Federal Court.

The new setting of the hearing is for September 15, 1965. It is continued at the request of both parties because defend-

ant's counsel was unable to appear on that date and an essential witness for plaintiff was unable to appear also. It is again set for October 20, 1965, and at the request of both parties the hearing is postponed. On that same day, October 20, plaintiff moved for the setting of the hearing of the case. It was set for March 15, 1966.

On November 3, 1965 the defendant had filed some interrogatories addressed to plaintiff, and on March 10, 1966 the defendant moved for the continuance of the case set for the 15th of the same month and year and also moved the court to enter an order to compel plaintiff to answer the interrogatories.

On March 15, date set for the hearing of the case, defendant appeared before the court but plaintiff did not. On that same day the court denied the motion for continuance filed by the defendant and rendered judgment dismissing the complaint. The minutes of that day read:

"Mr. Juan E. Géigel appears at the hearing of this case as defendant's counsel, neither the plaintiff nor its counsel appeared.

"The court denies the motion for continuance filed by the defendant. In view of plaintiff's failure to appear today without having notified the court in any manner and because of the innumerable continuances in the record, the court renders judgment dismissing the complaint for failure to appear and lack of interest on the part of plaintiff, and ordering further the dismissal of the case.

"Let it be recorded and notified."

The notice of said judgment was filed in the record on April 28, 1966.[1]

On April 28, 1966 plaintiff filed a motion under Rule 49.2 of the Rules of Civil Procedure requesting to set aside the

---

[1] The judgment was rendered in open court on March 15, 1966. In the record there is a judgment signed by the judge on March 30, 1966, served on April 4 of the same year, and another judgment signed on April 4 and served on April 28, 1966.

judgment and to be granted a term to answer the interrogatories served by the defendant.

The plaintiff alleged in said motion that the interrogatories served on it were elaborate; that because plaintiff had stopped operations in the year 1961, it was difficult to obtain the specific details requested by the defendant, particularly when a great part of the information requested was in the possession of Bettie Comas, who lives in Miami, Florida, since 1963, but that nevertheless plaintiff has taken the necessary steps to obtain the information believing that within some 30 days it would be in condition to answer the interrogatories, for which purpose it had made arrangements so that Mrs. Comas could come to Puerto Rico.

As to its failure to appear on March 15, 1966, date set for the hearing of the case, it alleged that it was due to the fact that defendant had moved for the continuance of the hearing because plaintiff had not answered the interrogatories; that Mr. Francis had explained to the defendant that soon he would have the answers to the interrogatory and that therefore, he consented to the continuance requested by the defendant; that the notice of the motion for continuance was served on Mr. Francis by messenger and in signing the notice he believed that he was consenting to the continuance and that defendant's appearance would be limited to moving for the continuance.

In its opposition to the motion under Rule 49.2, the defendant denies that Mr. Francis had explained that soon he would have the answer to the interrogatory and that he consented to the continuance. It also alleged that several days after having knowledge of the judgment, Mr. Francis had called defendant's counsel alleging that he had consented to the continuance and that upon defendant's counsel insisting in denying it, then Mr. Francis examined the copy of the motion for continuance and agreed that he had only signed the proof of service without having consented to the

continuance; that Mr. Francis told him that he had been under the impression that in effect he had consented to the continuance of the hearing of the case; that if defendant's counsel would have known of plaintiff's consent to the continuance, he would not have concealed that information from the judge presiding in the courtroom.

On May 11, 1966 the trial court, without a hearing on the motion under Rule 49.2, and without hearing evidence, denied said motion.

■ The elaborate statement we have made of all the incidents on the settings and continuances of the hearing of the case does not present the picture of a plaintiff lacking interest in the hearing and decision of the action brought by it and much less does it reveal a manifest desire to delay the proceedings prejudicing the defendant.

All the continuances granted at the request of one or the other party, or of both jointly, were granted for just reasons, for otherwise they would have been denied or the corresponding penalties would have been imposed.

When the setting for October 20, 1965 was set aside at the request of both parties, plaintiff moved on the same day for a new setting which was made for March 15, 1966. It was the defendant who moved for the continuance of the case set for this last date on the ground that the interrogatories had not been answered, which were indeed rather elaborate, and which were served on plaintiff several years after the action had been commenced.

Really, the facts of this case are very different from those of *Díaz* v. *Superior Court*, 93 P.R.R. 78 (1966), where we reversed a ruling ordering to reopen the case. There the plaintiffs had failed to appear on several occasions without any justification and, moreover, express warning had been given that the case would be dismissed if they failed to appear.

The circumstances which emerged from the record of the case were no justification for the court to refuse to hear the plaintiff on its motion under Rule 49.2. This motion and its answer established an issue of fact and the court should not have decided it without hearing the parties. If plaintiff's failure to appear was due to the fact that Mr. Francis in good faith was under the impression that he had consented to the continuance requested by the defendant, although the latter did not have the same impression, and that the hearing of the case would not be held on the date set, the exercise of a sound discretion advised, in furtherance of justice, to set aside the judgment.

At any rate, the trial court erred in passing upon the motion under Rule 49.2 without hearing the plaintiff. *Martínez* v. *Superior Court*, 83 P.R.R. 345 (1961).

The ruling of May 11, 1966 denying plaintiff's motion under Rule 49.2 will be set aside and the case remanded for further proceedings.